**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4517**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY E. MOLLOHAN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:05-cr-00134)

Submitted: December 20, 2006          Decided:  March 15, 2007

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant.  Charles T. Miller, Assistant United States Attorney, Charleston, West Virginia, John Lanier File, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey E. Mollohan appeals following his guilty plea and the imposition of a 120-month sentence for knowingly and intentionally possessing a quantity of pseudoephedrine, knowing and having reason to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2)(2000). Mollohan's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by not imposing the minimum guideline sentence. The Government did not file a reply brief, and although advised of his right to do so, Mollohan did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Mollohan contends that the district court committed reversible error by not imposing the minimum guidelines sentence of 100 months. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily

prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Mollohan post-Booker and appropriately treated the guidelines as advisory. The court sentenced Mollohan after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Mollohan's 120-month sentence is within the advisory guidelines range, and it is below the statutory maximum of twenty years. Finally, neither Mollohan nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Mollohan's conviction and sentence. This court requires that counsel inform Mollohan, in writing, of the right to petition the Supreme Court of the United States for further review. If Mollohan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mollohan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>